1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CORNELIO BUENO VALDOVINOS,

Plaintiff,

v.

KILOLO KIJAKAZI,

Defendant.

Case No.   5:21-cv-06013-EJD

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING COMMISSIONER'S MOTION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)**

Re: ECF No. 20

Plaintiff Cornelio Bueno Valdovinos ("Plaintiff") brings this civil action pursuant to 42 U.S.C. § 405(g) to obtain review of the Social Security Administration Commissioner's (the "Commissioner") decisions denying his claims for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits.

Before the Court is Plaintiff's motion for summary judgment, seeking that this action be remanded to the Social Security Administration ("SSA") for payment of benefits on both the SSDI claim and the SSI claim.  *See* Pl.'s Mot. for Summ. J. ("Mot."), ECF No. 20.  The Commissioner opposes Plaintiff's motion and moves for remand of Plaintiff's 2019 SSI application pursuant to 42 U.S.C. § 405(g).  *See* Def.'s Opp'n to Pl.'s Mot. for Summ. J. and Mot. for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Opp'n"), ECF No. 25.  For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** the Commissioner's motion.  This case is **REMANDED** pursuant to 42 U.S.C. § 405(g) for further proceedings pursuant to this Order.

I.       **BACKGROUND**

Plaintiff applied for SSDI benefits on December 3, 2014, alleging disability since February 26, 2013.  Mot. at 4.  The Commissioner denied the application and issued an adverse reconsideration decision.  *Id.*  Plaintiff requested a hearing following denial of reconsideration. ECF Nos. 19-2–19-8, Transcript of Administrative Record ("Tr.") 117.  An administrative hearing and supplemental hearing were held on December 20, 2016, and April 28, 2017, respectively.  *Id.* On August 11, 2017, the Administrative Law Judge ("ALJ") Mary Beth O'Connor issued a decision titled "Notice of Recommended Decision" which stated that Plaintiff is not disabled under §§ 216(i) and 223(d) of the SSA.  Mot. at 4; *see* Tr. 117–34.  The cover page of the decision informs Plaintiff that it "is not a final decision" and that the Appeals Council (the "Council") will decide whether to adopt, modify, or reject the decision.  Tr. 113.

Plaintiff subsequently requested review of ALJ's decision with the Council.  Tr. 135.  On October 26, 2018, the Council denied Plaintiff's request for review.  Tr. 135–43.  The Council's notice of denial states that the ALJ's decision "is the final decision of the Commissioner."  Tr. 135.  Plaintiff did not immediately pursue any legal action in a federal district court after receiving the Council's denial.  Opp'n at 3.

Plaintiff again applied for SSDI benefits the following year, on June 18, 2019.  Tr. 258–61. Around the same time, on July 19, 2019, Plaintiff applied for SSI benefits.  Tr. 258–61.  On November 12, 2019, Plaintiff received a "Notice of Disapproved Claims" from the SSA informing Plaintiff that he does not qualify for SSI benefits.  Tr. 183.  The notice of denial also informed Plaintiff that "[t]he application you filed for SSI was also a claim for Social Security benefits" and that he does not qualify for SSDI benefits "except for the benefits you are already getting."  Tr. 185.  Plaintiff requested reconsideration SSI denial.   Tr. 189.  In the Notice of Reconsideration, the SSA found that "the first decision was correct" and noted that Plaintiff had not submitted additional evidence for review upon reconsideration.  Tr. 190.

Plaintiff appealed the SSI denial on February 24, 2020, requesting a hearing before an ALJ.  Tr. 197.  After appearing at an administrative hearing, ALJ Sung Park, issued an

Case No.: 5:21-cv-06013-EJD
ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR
REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

1   unfavorable decision on the Plaintiff's SSI application finding the claimant is not disabled under §

2   1614(a)(3)(A) of the SSA.  Tr. 15–36.

3   ## II.      STANDARD OF REVIEW

4          The Social Security Act authorizes a district court to review decisions made by the

5   Commissioner.  42 U.S.C. § 405(g).  A court has jurisdiction over social security appeals when a

6   plaintiff files the appeal within 60 days.  42 U.S.C. § 405(g).  The court's jurisdiction, however, is

7   limited.  *Brown-Hunter* v. *Colvin*, 806 F. 3d 487, 492 (9th Cir. 2015).  A district court may only

8   reverse the decision if it is not supported by substantial evidence or if the decision was based on

9   legal error.  *Id.*; *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

10          "Substantial evidence means more than a scintilla but less than a preponderance."  *Thomas*

11   *v. Barnhart*, 278 F. 3d 947, 954 (9th Cir. 2002) (citing *Jamerson v. Chater*, 112 F. 3d 1064, 1066

12   (9th Cir. 1997)).  This standard requires relevant evidence that a "[r]easonable mind might accept

13   as adequate to support a conclusion."  *Vertigan*, 260 F.3d at 1049 (citing *Richardson v. Perales*,

14   402 U.S. 389, 401 (1971)).  "Where the evidence is susceptible to more than one rational

15   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

16   *Thomas*, 278 F.3d at 954.   However, if legal error occurred in the administrative process or if the

17   administrative decision is not supported by substantial evidence, the decision may be set aside.

18   *Treviso v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

19   ## III.     DISCUSSION

20          The issues before the Court are (1) whether ALJ O'Connor's decision titled "Notice of

21   Recommended Decision*"* was a final decision on Plaintiff's 2014 SSDI claim; and, if it is a final

22   decision, whether the claim is equitably tolled; (2) whether ALJ Park impermissibly applied the

23   amended version of the 20 C.F.R. § 416.964 regulation to Plaintiff's allegedly pending 2014 SSDI

24   application; and (3) whether a direct judicial finding of disability and payment benefits is the

25   proper remedy to rectify the Commissioner's error in step five of the SSA sequential evaluation

26   process for assessing Plaintiff's disability under his SSI claim.  The Court considers each

27

28   Case No.: 5:21-cv-06013-EJD
ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR
REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

*United States District Court*
*Northern District of California*

1   argument in turn.

2   **A.   ALJ O'Connor's Decision on Plaintiff's 2014 SSDI Application Was Final.**

3   First, the parties disagree over whether the ALJ ever issued a final decision on Plaintiff's

4   2014 SSDI application. Mot. at 7–8; Opp'n at 6–7.

5   District courts have subject matter jurisdiction over disputes involving final decisions of

6   the SSA. 42 U.S.C. § 405(g), (h). "A final judgment consists of two elements: (1) the claimant

7   presenting a claim to the Commissioner; and (2) the claimant exhausting his or her administrative

8   remedies." *Taverniti v. Astrue*, No. 04-CV-04932 SBA, 2008 WL 8448336, at *7 (N.D. Cal. Mar.

9   31, 2008) (citing *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1115 (9th Cir. 2003)). It is

10  undisputed that Plaintiff presented his claim to the Commissioner. Regarding administrative

11  exhaustion, 20 C.F.R. 404 .900(a) describes a four-part administrative process: 1) initial

12  determination of claim; 2) reconsideration; 3) ALJ review and hearing; 4) review by the Appeals

13  Council. *Uvalles*, 2012 WL 967999, at *1. Plaintiff also pursued all his administrative remedies.

14  However, Plaintiff argues that the ALJ failed to rule on the 2014 SSDI application. Mot. at

15  7. According to Plaintiff, the ALJ's "Notice of Recommended Decision" was not a final decision

16  but rather a recommendation to the Council and, despite several years, the Commissioner has not

17  yet issued a final decision. Mot. at 8. The Commissioner asserts that the ALJ's Decision is, in

18  fact, a final decision denying Plaintiff's 2014 SSDI application notwithstanding the title of the

19  decision. Opp'n at 6.

20  Although not legally binding, the Hearings, Appeals, and Litigation Law Manual

21  ("HALLEX") published by the SSA's Office of Disability Adjudication and Review guides this

22  Court's interpretation of the agency's internal procedures. *See Lockwood v. Comm'r of Soc. Sec.*

23  *Admin.*, 616 F. 3d 1068, 1072 (9th Cir. 2010). In pertinent part, HALLEX I-2-8-15(C) states that

24  the format and content of a recommended decision are generally the same as a final decision

25  except, in a recommended decision, both the heading of the decision and the decisional paragraph

26  identify the decision as a recommendation. HALLEX I-3-2-50(D) specifically provides guidance

27

28  ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR
    REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)
    4

United States District Court
Northern District of California

for instances where an ALJ mistakenly issues a "recommended decision" cover letter.  When the Council receives an ALJ's resolution labeled "recommended" but the decisional paragraph does not identify the case conclusion as such, a claimant may assume the Council has interpreted the "recommended decision" to be a final decision if the Council proceeds to issue a determination in the case rather than remand the cover notice to the ALJ and ask the hearing judge to correct the stylistic mistake.  HALLEX I-3-2-50(D).  Finally, when the Council declines to review the ALJ's determination, the ALJ's conclusion automatically becomes the Commissioner's final and binding decision in the case.  20 C.F.R. § 404.900(a)(5), 404.981; HALLEX I-2-8-15(A).

Here, it is clear from the record that the ALJ did not intend for the decision to be merely a recommendation to the Council.  ALJ O'Connor issued the decision as her final decision, finding that the Plaintiff is not disabled.  The ALJ's decisional paragraph and the Council's denial of review supports the Court's finding of finality.

First, there is no indication in the ALJ's decisional paragraph that it was a recommendation to the Council.  The decisional paragraph clearly expresses the ALJ's intent to issue a final determination in the case by explicitly stating that: "[b]ased on the application for a period of disability and disability insurance benefits protectively filed on December 3, 2014, the claimant is not disabled . . . under the Social Security Act."  Tr. 129.  Indeed, nowhere in the decisional paragraph does the ALJ use the word recommended or otherwise articulate why a recommended decision would be appropriate; rather, the ALJ conclusively states that a finding of disability is not appropriate in the case.  *Id.*; *see* HALLEX I-2-8-15(B)(2).

Second—and most telling—the Council interpreted the ALJ's decision as final.  Here, the Council's denial of review states, in relevant part, that:

> [T]he Administrative Law Judge, in the notice of decision on page 1 of the decision, states that she is issuing a recommended decision. However, the decisional paragraph does not state it is a recommended decision.  Pursuant to HALLEX I-3-2-50(D)., the Council determines that the decision was styled as "recommended" in error. . .

Tr. 136.  The Council concluded that the ALJ decision was a final decision and not a "comment[]

United States District Court
Northern District of California

1  after a recommended decision."[1]  *Id.*

2      Plaintiff argues that the Council merely "speculated" that the ALJ decision was styled as a

3  recommendation in error.  Mot. at 4.  The Court disagrees.  For the reasons articulated above, the

4  ALJ's decision clearly concludes that Plaintiff is not disabled, and the Council determined that the

5  ALJ decision was final before denying review.  TR. 136.  Indeed, the ALJ's determination became

6  the "final decision" in the administrative review process when the Council declined to review the

7  ALJ's final decision.  20 C.F.R. § 404.900(a)(5), 404.981.

8      Accordingly, the ALJ's determination that the Plaintiff is not disabled is therefore the final

9  decision in Plaintiff's 2014 SSDI case.

10      **B.   The Court Has Jurisdiction Over Plaintiff's 2014 SSDI Application but Plaintiff Has Not Shown Good Cause to Toll the 60-Day Requirement.**

11

12      Next, the parties disagree over whether this Court has jurisdiction over the 2014 SSDI case

13  where Plaintiff filed this action outside the proscribed 60-day window for seeking judicial review

14  of an adverse SSA determination under § 405(g).  *See* Opp'n at 5–6; Pl.'s Reply to Def.'s Opp'n

15  2, ECF No. 26 ("Reply").

16      After the Commissioner issues a final decision on a claim, a claimant "may obtain a review

17  of such decision by a civil action commenced within sixty days after the mailing to him of notice

18  of such decision or within such further time as the Commissioner of Social Security may allow."

19  42 U.S.C. § 405(g).  As noted, when the Council declines to review an ALJ decision, the ALJ

20  decision becomes the "final decision" and the Council decision is merely a "non-final agency

21  action."  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).; *see* 20

22  C.F.R. §§ 404.955, 404.981.

23

24  [1] According to HALLEX, it is not unusual for the Council to interpret an ALJ decision with a mistakenly issued "recommended decision" cover letter as a final decision.  When a claimant

25  requests review of a decision that is mistakenly identified as a "recommended decision" on the cover letter, the Office of Appellate Operations ("OAO") may ask the hearing office to reissue the

26  ALJ's decision using the correct cover letter.  HALLEX I-3-2-50(D).  "In most cases, however, OAO will process the claimant's statement as a request for review rather than asking the hearing

27  office to correct the cover notice" in order to avoid delays in processing.  *Id.*

Case No.: 5:21-cv-06013-EJD

28  ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

1     Here, the record indicates that the Council denied review of the ALJ decision on October

2   26, 2018.  Tr. 135–43.  Pursuant to § 405(g), Plaintiff had until December 26, 2018 to commence

3   a civil action.[2]  Plaintiff commenced this action years later, on August 3, 2021.

4     The Commissioner contends that Plaintiff's failure to commence this action within 60 days

5   of the Council denying review means this Court lacks jurisdiction to review Plaintiff's application.

6   The Supreme Court foreclosed this argument in *City of New York*, holding that "the 60-day

7   requirement is not jurisdictional, but rather constitutes a period of limitations."  *Bowen v. City of*

8   *New York*, 476 U.S. 467, 478 (1986).  Accordingly, the Court may equitably toll the 60-day

9   requirement.  *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993).  "Equitable tolling focuses

10  on whether there was excusable delay by the plaintiff and may be applied if, despite all due

11  diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."

12  *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006) (citations and quotation

13  marks removed).  "Generally, a litigant seeking equitable tolling bears the burden of establishing

14  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

15  circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

16     Where a claimant misses a deadline to request review at any of the stages of the process,

17  tolling is appropriate where the applicant can "show that there was good cause for her failure to

18  make a timely request for review."  *Dexter v. Colvin*, 731 F.3d 977, 978 (9th Cir. 2013); 20 C.F.R.

19  404.900(b).  Section 404.911 provides "[e]xamples of circumstances where good cause may exist

20  include, but are not limited to," where the claimant falls seriously ill, there was a death or serious

21  illness in the family, necessary records were destroyed or damaged by an accidental cause,

22  claimant requested additional information explaining the decision within the 60-day time limit,

23  and other "unusual or unavoidable circumstances," to name a few.  20 C.F.R. § 404.911(b).

24

25

26  [2] Assuming that Plaintiff received the notice on the date that it was issued, Plaintiff had until
    December 26, 2018, to commence a civil action.  Even if Plaintiff received notice at a date

27  sometime after its issuance, Plaintiff's action would not be timely since he did not commence this
    action until 2021.

28  ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR
    REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

United States District Court
Northern District of California

1    Section § 404.911(b) also recognizes good cause where a claimant received "incorrect or

2    incomplete information about when and how to . . . file a civil suit" or where a claimant did not

3    receive notice of the determination or decision.  20 C.F.R. § 404.911(b)(6)–(7).

4         Plaintiff suggests that the lack of clarity regarding the ALJ's "Notice of Recommended

5    Decision" is the reason he missed the filing deadline.  Plaintiff purportedly did not understand

6    whether the ALJ's decision was a recommendation or a final ruling, so Plaintiff assumed that the

7    ALJ's decision was a recommendation.  In essence, Plaintiff believed that the claim remained with

8    the ALJ, who had issued a recommendation but had not yet issued a final ruling.  With this

9    understanding in mind, Plaintiff contends that the ALJ's "key decisional paragraph" was

10   insufficient to put the Plaintiff on notice that the "recommended decision" should be construed as

11   a final decision because it was written in English.  Reply at 2.  Plaintiff further argues that the

12   ALJ's failure to write the *decisional paragraph* in Spanish—Plaintiff's dominant language—

13   amounts to a showing of good cause that should excuse him for failing to timely file this civil

14   action within the 60-days statute of limitations period.  *Id.*  However, Plaintiff's argument is

15   unavailing.

16        First, the ALJ's decisional paragraph was not necessary to put Plaintiff on notice of the 60-

17   day filing deadline because Plaintiff had subsequently appealed and received a notice from the

18   Council denying review.[3]  The Council's notice informed Plaintiff in both English and Spanish

19   that the ALJ's decision is the "final decision."  Tr. 135, 141.  It also informed Plaintiff in English

20   and Spanish that Plaintiff had 60 days to file a civil action from the date that Plaintiff received the

21   Council's notice of denial letter.[4]  Tr. 137, 142.  Even if Plaintiff had disagreed with the Council's

22

---

23   [3] Plaintiff attempts to argue that the Council's denial of review was in error because, pursuant to
24   20 CFR § 404.979, the Council had only three options upon reviewing the ALJ decision: adopt,
     modify, or reject the recommended decision.  Mot. at 2–3.  Indeed, this would be true if the
25   Council had treated the ALJ's decision as a recommendation.  This is not the case here; in the
     notice of denial, the Council clearly states that the ALJ's decision was *not* a recommendation and
26   therefore denied review.  *See* HALLEX I-3-2-50(D).

27   [4] The notice states in relevant part that: "[y]ou have 60 days to file a civil action (ask for court
     review).  The 60 days start after you receive this letter."  Tr. 137.  This sentence is translated in
28   Spanish as well.

Case No.: <u>5:21-cv-06013-EJD</u>
ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR
REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  conclusion, the plain language of the notice was clear; Plaintiff was informed that he had to

2  commence a civil action no later than 60 days, by December 26, 2018.

3  Plaintiff argues that the Court should disregard the Council's notice of denial of review

4  because "the Appeals Council's reasoning for denying review is not considered on subsequent

5  judicial review."  Reply at 3 (quoting *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018)).

6  Plaintiff misconstrues this language.  It simply means that "there is no final decision *until* the

7  Appeals Council either grants or denies review."  *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th

8  Cir. 1989) (per curiam) (emphasis added).  When the Council denies review of an ALJ decision,

9  the ALJ's decision becomes the final decision such that "the district court reviews that [ALJ]

10  decision for substantial evidence, based on the record as a whole . . . ."  *Brewes*, 682 F.3d at 1161–

11  62.  In considering the record as a whole, the Court must look, in part, to the Council's letter

12  denying review to determine whether Plaintiff received sufficient notice of the filing deadline.[5]  *Id.*

13  at 1162 ("[A]s a practical matter, the final decision of the Commissioner includes the Appeals

14  Council's denial of review, and the additional evidence considered by that body is 'evidence upon

15  which the findings and decision complained of are based.'") (quoting 42 U.S.C. § 405(g))).  In this

16  case, the tolling period began upon receipt of the Council's letter.  Tr. 137.

17  Even setting aside the Council's notice denying review, the evidence in the record also

18  contradicts Plaintiff's argument that he could not understand the ALJ's decisional paragraph

19  because it was written in English.  First, the record reflects that Plaintiff has at least some degree

20  of English reading proficiency.  Plaintiff testified in English at the hearing before ALJ O'Connor

21  and stated that he is able to read a newspaper in English.  Tr. 129.  Second, even if Plaintiff could

22  not understand the decisional paragraph, Plaintiff was represented by legal counsel.  Tr. 138.

23

24  _____

Spanish as well.  Tr. 142.

25

26  [5] In reaching this conclusion the Court does not review what evidence was before the Council or whether the denial of review was proper.  The Court only reviews the Council's letter in order to confirm whether Plaintiff received notice of the 60-day filing deadline in assessing whether Plaintiff has articulated good cause for failing to timely file.

27  Case No.: 5:21-cv-06013-EJD

28  ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

1

2

3

4

5

6

Plaintiff's counsel appeared at his December 20, 2016 and April 28, 2017 SSDI hearings, and the Council copied Plaintiff's attorney in its denial of review.  Tr. 135, 137, 138.  It is the attorney's professional responsibility to inform Plaintiff of the Council's denial notice and its significance.  Plaintiff did not and does not argue that his counsel failed to inform him of this information.  The record therefore indicates that Plaintiff and his counsel received notice and knew or should have known of the Council's decision and the requirements for timely filing an appeal.

7

8

9

10

      Plaintiff provides no other explanation for missing the filing deadline—such as illness, injury, or death—that could amount to a good cause showing or "extraordinary circumstance" warranting equitable tolling.  *See Dexter*, 731 F.3d at 979.  Accordingly, Plaintiff's SSDI claim has lapsed.  *Bass*, 872 F.2d at 833.

11

      **C.**    **The ALJ Properly Applied the Amendment to Plaintiff's 2014 SSDI Application.**

12

13

14

      Assuming that Plaintiff satisfied the 60-day requirement or shown good cause for failing to do so, Plaintiff also argues that the § 416.964 amendment should not have been applied to his application because it was still pending.

15

16

17

18

19

20

21

22

23

24

25

26

      In making a disability determination, the SSA follows a procedure known as the "sequential evaluation process," 20 C.F.R. § 404.1520.  For adults, this is a five-step process that includes evaluation of a claimant's ability to do other work based on age, education and work experience.  *Id.*  Prior to April 27, 2020, the SSA considered a claimant's inability to communicate in English when assessing a claimant's education level.  85 Fed. Reg. 37, 10586−10587 (Feb. 25, 2020) (revising 20 C.F.R. § 416. 964).  Effective April 27, 2020, the SSA amended this regulation such that a lack of English language proficiency is no longer a factor that the SSA must consider when determining a claimant's disability eligibility.  *Id.*  The SSA stated that it "will apply the final rule to new applications filed on or after the effective date, and to claims that are pending on and after the effective date.  This means that we will use the final rule on and after its effective date in any case in which we make a determination or decision."  85 Fed. Reg. 10586-01, n.95 (SSA, Feb. 25, 2020), 2020 WL 885690.

27

28

Case No.: 5:21-cv-06013-EJD
ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

*United States District Court*
*Northern District of California*

The parties disagree over whether the amended version of § 416.964, specifically the "Inability to Communicate in English" category, was properly applied to Plaintiff's 2014 SSDI application.  Mot. at 9; Opp'n at 7–10.  The crux of this disagreement is whether Plaintiff's application was pending at the time the amendment went into effect.  Plaintiff argues that, assuming ALJ O'Connor never issued a final decision on Plaintiff's 2014 SSDI application, ALJ Park should not have applied the amended regulation to a still-pending claim.  Mot. at 9.  The Commissioner argues that ALJ Park did not err by retroactively applying the amendment to Plaintiff's 2014 application because the case was not pending when the new regulation went into effect.  Opp'n at 7–10.

Here, for the reasons already stated, the ALJ's decision on Plaintiff's 2014 SSDI application was final and therefore Plaintiff did not have pending claim when the § 416.964 amendment took effect.  *See supra* Section III.A.  Congress enacted the amendment on April 27, 2020—almost two years after the ALJ's decision in the 2014 SSDI application became final, on October 26, 2018.  *See* 85 Fed. Reg. 37, 10586–10587 (Feb. 25, 2020).  Therefore, there was no overlap between Plaintiff's 2014 SSDI application and the effective date of the amended regulation.  Accordingly, Plaintiff's rights could not possibly have been affected by the amendment.

Because Congress instituted the amended version of the regulation approximately two years after the ALJ O'Connor's final decision on Plaintiff's claim, ALJ Park properly applied the amended regulation to Plaintiff's claim.

### D.     The Appropriate Remedy Is to Remand the 2019 SSI Application for Further Administrative Proceedings.

Finally, the parties agree that the ALJ relied on vocational expert ("VE") testimony in Plaintiff's SSI application that was not supported by substantial evidence.  *See* Mot. at 13; Opp'n at 11.  However, the parties disagree over the appropriate remedy to rectify this error.

Plaintiff argues that, according to SSA regulations, a direct judicial finding of disability and payment benefits is the proper remedy to rectify Commissioner's error.  Mot. at 12–14.  The

United States District Court
Northern District of California

1    Commissioner asserts, however, that the proper remedy is to remand the case for further

2    administrative proceedings pursuant to 42 U.S.C. § 405(g) ("sentence six remand").  Opp'n at 11.

3            To determine whether a court should award a claimant an immediate benefit or remand for

4    further proceedings, courts apply a three-part test.  *See, e.g.*, *Benecke v. Barnhart*, 379 F. 3d 587,

5    593 (9th Cir. 2004); *Moisa v. Barnhart*, 367 F. 3d 882, 887 (9th Cir. 2004).  The test requires a

6    court to award immediate benefits to a disability claimant if it finds that: "(1) the ALJ failed to

7    provide a legally sufficient reason for rejecting the evidence; (2) there are no outstanding issues

8    that must be resolved before a disability determination can be made; and (3) it is clear from the

9    evidence in the record that an ALJ would be required to find the claimant disabled were such

10   evidence credited."  *Harman v. Apfel*, 211 F. 3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v.*

11   *Chater* 80 F.3d 1273, 1292 (9th Cir. 1996)).  Here, the Court finds that remanding the case for

12   further administrative proceedings is the proper remedy.

13            First, it is apparent from the administrative record the ALJ provided a legally sufficient

14   reason to reject Plaintiff's 2019 SSI application.  The ALJ arrived at this decision after

15   considering "all the Plaintiff's symptoms and the extent to which these symptoms [could]

16   reasonably be accepted as being consistent with the objective medical evidence and other

17   evidence."  Tr. 25–30.  Specifically, the ALJ considered Plaintiff's testimony at the hearing,

18   Plaintiff's statements in the Adult Function Report, medical records, prior administrative medical

19   findings, and the opinions of Plaintiff's doctors and consultative examiners.  *See* Tr. 21–32.  In

20   sum, an exhaustive inspection of the record points to the conclusion that the ALJ's determination

21   was supported by careful consideration of all of Plaintiff's subjective allegations and the relevant

22   evidence in the case.  *Id.*

23            Second, there is an outstanding issue that requires remanding the case for additional

24   administrative proceedings: whether Plaintiff can actually work in a new occupation that it is

25   within his RFC limits.  At the last step of the sequential evaluation process, an ALJ must

26   determine whether a claimant is able to do any other work considering claimant's RFC, age,

27

28   Case No.: 5:21-cv-06013-EJD
     ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR
     REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

United States District Court
Northern District of California

1    education, and work experience.  20 C.F.R § 416.920(g).  The answer to this issue is critical in

2    making a disability determination because, if the agency finds that Plaintiff can make an

3    adjustment to other work in the national economy, the agency will not find Plaintiff disabled.  *Id.*

4    If the agency determines that Plaintiff cannot make any adjustment, the agency will find him

5    disabled.  *Id.*

6        In Plaintiff's 2019 SSI application, the ALJ deemed Plaintiff suitable for work "that exists

7    in significant numbers in the economy" and thus found that Plaintiff is not disabled.  Tr. 32.  In

8    concluding that Plaintiff was capable of finding a new occupation, the ALJ relied on VE testimony

9    that was not supported by accurate, substantial evidence.  Mot. at 12–13; Opp'n at 11.  During the

10   hearing, the VE testified that three occupations were available to Plaintiff within the confines of

11   the RFC's six hours limitation finding.  Opp'n at 11 (citing Tr. 55).  However, the VE later

12   contradicted her original testimony when she testified that the same opportunities required that the

13   Plaintiff sit for at least seven hours per day.  *Id.* (citing Tr. 59).  Because the ALJ did not address

14   this discrepancy in the VE's testimony, the issue of whether Plaintiff is capable of finding a new

15   occupation within his RFC limitations remains unresolved.  Accordingly, until an ALJ can make a

16   determination on this issue, a disability determination cannot be properly made on the merits.

17       The Commissioner argues that a sentence six remand would provide the ALJ with the

18   opportunity to obtain supplemental VE expert testimony to accurately assess whether there are any

19   jobs available to the Plaintiff in the national economy based on the RFC findings.  Opp'n at 11.

20   Indeed, "[t]he fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the exclusive methods by

21   which district courts may remand to the Commissioner of [the] Social Security Administration."

22   *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292,

23   296, (1993)).  Sentence six provides, in relevant part, that a district court may order a remand

24   "where new, material evidence is adduced that was for good cause not presented before the

25   agency."  *Akopyan*, 296 F.3d at 854–55.  ALJ Park relied on the testimony of the VE in finding

26   that Plaintiff is not disabled.  Tr. 32.  The Commissioner contends that, in light of the VE's

27

28   Case No.: 5:21-cv-06013-EJD
     ORDER DEN. PL.'S MOT. FOR SUMM. J.; GRANTING COMMISSIONER'S MOT. FOR
     REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

United States District Court
Northern District of California

1   conflicting testimony regarding the occupations available to Plaintiff, further administrative

2   proceedings "would be useful to inquire as to whether there are other occupations available within

3   the limitations of the RFC."  Opp'n at 14.

4        Plaintiff argues that the incongruity in the VE's testimony is irrelevant because "the

5   Commissioner's inability to find even one job in the national economy is the very own regulatory

6   definition of disability" and therefore the appropriate remedy is a judicial finding of disability and

7   payment benefits.  Reply at 5.  This argument, however, conflates the issue.  The Commissioner

8   does not contest that the evaluation expert failed to find the correct number of jobs available to

9   Plaintiff.  Opp'n at 11.  To the contrary, the Commissioner acknowledges that the VE erred when

10  she provided contradictory testimony on occupations available to the Plaintiff based on the RFC

11  findings.  *Id.*  That the VE was not able to identify one job in the national economy as result of an

12  error is not on its face concrete proof that the Plaintiff is disabled.  It is not necessarily true that

13  because the evaluation contained an error, the disability conclusion is incorrect.  Plaintiff's

14  reliance on this point is therefore not dispositive evidence of Plaintiff's disability until the

15  Commissioner can prove otherwise.

16       Finally, the third factor also weighs in favor of remanding the case to the agency for

17  further administrative proceedings.  Here, it is not yet clear that an ALJ would find the Plaintiff

18  disabled once a VE makes a new occupational assessment.  The Court cannot conclude whether a

19  VE would be unable to find any occupations in the national economy consistent within Plaintiff's

20  RFC limitations.  Because the question of Plaintiff's disability turns entirely on the

21  Commissioner's ability to prove that, based on Plaintiff's age, education, past work experience,

22  and RFC limitations, he can still work, further administrative proceedings are therefore warranted.

23  *See Garrison*, 759 F.3d at 1019 ("[I]f additional proceedings can remedy defects in the original

24  administrative proceeding, a social security case should be remanded.").

25       Accordingly, the Court agrees with the Commissioner that the error warrants remand rather

26  than order of immediate payment of benefits.

27

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED**, the Commissioner's motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) is **GRANTED**, and this case is **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: August 1, 2023

EDWARD J. DAVILA
United States District Judge